# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | Case No. 5:02CR30046 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **JAMES GILBERT BERRY,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Kari K. Munro, Assistant United States Attorney, Roanoke, Virginia, for United States; James Gilbert Berry, Defendant Pro Se.*[1]

The defendant has filed a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). I find that he has failed to establish an extraordinary and compelling reason justifying a reduction.

I.

On January 22, 2003, a jury convicted the defendant, James Gilbert Berry, of Count One of the Indictment, which charged conspiracy to possess with intent to distribute or distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A). The defendant was sentenced by this court on April 11, 2003, to 360 months

---

[1] The court appointed the Federal Public Defender to represent the defendant in regard to the present motion and granted leave to a supplemental motion on behalf of the defendant. However, no such filing has been made and the deadline has passed.

imprisonment and five years of supervised release. Berry is currently incarcerated at FCI Gilmer and has a projected release date of May 14, 2030. After adequately exhausting his administrative remedies, Berry then filed the present motion for compassionate release on July 2, 2021. The grounds of the defendant's motion are the risk posed to him by the COVID-19 pandemic, the need to care for his elderly family members, and a purported sentencing disparity due to changes in the law.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018. Although I may not reduce the defendant's sentence pursuant to a non-retroactive change in sentencing law, the Fourth Circuit has held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant, including the length and disparateness of the sentence.

II.

Berry states that the serious health risks posed by COVID-19 and the pandemic restrictions for individuals incarcerated in FCI Gilmer, which include

limits on recreational activities, rise to the level of extraordinary and compelling circumstances. He further claims that FCI Gilmer has failed to adequately mitigate the risks posed by COVID-19, including the failure to enforce mask mandates and comply with guidance by the Centers for Disease Control (CDC) on social distancing. As a result, he asserts that serious outbreaks of COVID-19 amongst the inmates held at FCI Gilmer occurred on at least two separate occasions — one in November 2020 and a second in December 2020–January 2021. Berry contends that the number of infections may be higher due to inadequate testing by the Bureau of Prisons (BOP).

Berry does not allege that he has any condition identified by the CDC as placing him at higher risk of severe illness or death from COVID-19, and his BOP medical records do not identify any such conditions. He also does not state whether he has contracted the virus. Moreover, he has since been fully inoculated against the virus, receiving his second dose of the Pfizer-BioNTech vaccine on March 23, 2021. The CDC indicates that this vaccine is 95% effective at preventing COVID-19-induced serious illness. Centers for Disease Control and Prevention, *Pfizer-BioNTech Covid-19 Vaccine Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited Oct. 7, 2021). While I sympathize with Berry about the restrictions at FCI Gilmer,

I find that the risk posed to him by COVID-19 does not amount to an extraordinary and compelling reason warranting his release.

Berry also urges this court to consider his desire to care for elderly family members that he claims are not in good health. He believes that he will be able to obtain employment given his skills in construction and carpentry, and he hopes to be able to provide for those family members. Unfortunately, while he states that his family are elderly, he does not offer any evidence that they are unable to care for themselves, or that they face any specific health complications. Berry has therefore not met his burden of establishing that his family's situation presents an extraordinary and compelling reason justifying a reduction in his sentence.

Finally, the sentencing disparity that Berry appears to allege is not present in this case. He contends that following the Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sentencing Guidelines are advisory, not mandatory, his sentence would likely be substantially lower today. This argument is unavailing. Even after *Booker*, the sentence he received remains within what would be his now-applicable guidelines range. If Berry were sentenced today, his base level would be 34, and his adjusted offense level, accounting for the possession of firearms and his aggravating role in the offense, would be 39. With a criminal history category V, he would still face a sentence of 360 months to life.

Although Berry correctly maintains that district courts do have the authority to impose a sentence below the applicable sentencing guidelines range, there is nothing to indicate that such a deviation below the guidelines is warranted based on the criminal conduct in this case, as well as Berry's criminal history. Berry was convicted for his critical role in establishing a large-scale methamphetamine conspiracy, which involved importing more than five kilograms of methamphetamine from Mexico and redistributing it within a region of Southwest Virginia plagued by drug addiction and drug trafficking issues. At trial, Berry's then-girlfriend testified that he admitted to injecting her with methamphetamine while she was passed out. Thereafter, Berry injected her with methamphetamine almost every day, insisting that she continue to accept the drug as a show of her love and affection. At one point, she was hospitalized for infections in her arm caused by the injections. He further recruited her to help with trafficking significant amounts of drugs from Florida to Virginia. Berry also had numerous prior state criminal convictions. In sum, given these facts, the imposition of a sentence below the guideline range would have been highly unlikely in this case, even after *Booker*.

Therefore, there is no significant sentencing disparity that can serve as an extraordinary and compelling reason for a reduction.

## III.

Upon motion of the defendant for a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A), and after consideration of the factors in 18 U.S.C. § 3553(a), it is **ORDERED** that the defendant's motion, ECF No. 259, is DENIED.

        ENTER:   October 8, 2021

        /s/  JAMES P. JONES
        Senior United States District Judge